IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BANK OF COMMERCE & TRUST COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No.  07-1332-MLB |
| | ) | |
| LANCE L. DOMINIQUE d/b/a | ) | |
| DOMINIQUE & ASSOCIATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

<u>**MEMORANDUM AND ORDER**</u>

This case comes before the court on defendant's motion to dismiss for lack of personal jurisdiction. (Doc. 11.)  The motion has been fully briefed and is ripe for decision.  (Docs. 11, 14, 15.) Defendant's motion is DENIED for reasons set forth herein.

**I.    Facts**

Plaintiff, Bank of Commerce & Trust Company, is a federally insured depository institution located in Wellington, Kansas. Defendant Lance Dominique acts as the middleman between sellers and buyers of commercial lease agreements.  Defendant's principal place of business is in Barrington, Illinois.  During February and March 2005, defendant contacted plaintiff and represented that he had several commercial leases with the Veterans Administration that were for sale.  Plaintiff claims that defendant stated that the investments were a unique opportunity for plaintiff to invest in a low risk, highly stable, diversified instrument, but exactly what was communicated will probably be disputed.  Not disputed, however, is that defendant then faxed plaintiff a sheet on each lease that

contained information regarding the interest rate, investment amount and the payment amount. Plaintiff informed defendant that it was interested in purchasing five leases from Banc Corp USA, the owner of those leases. Defendant asserts that he contacted Banc Corp to verify that the leases were still available. Defendant then sent a fax to plaintiff which confirmed the lease opportunity. The fax restated the information on each lease and also contained the following:

> Changes in equipment cost or settlement date may result in minor adjustments. This transaction is subject to review of the documentation and approval. Please examine the closing papers when they arrive from BANCCORP and call Dominique & Associates with any questions. Dominique & Associates is not the originator of the transaction or equipment supplier. When satisfied that all is in order, please make payment as instructed in the letter that will accompany the papers.

(Doc. 11, exh. C).

Upon purchasing the leases, plaintiff submitted funds to Banc Corp. Banc Corp. then paid defendant a fee for the sale of the leases. Defendant never entered the state of Kansas and is not a party to the lease agreements. Plaintiff alleges to have later discovered that defendant facilitated the sale of those five leases to other banks, another area of probable dispute. Plaintiff's complaint raises a claim pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO) and state law tort claims. (Doc. 1).

Defendant asserts that he is not subject to personal jurisdiction in the state of Kansas. Plaintiff responds that his contacts are sufficient for this court to obtain personal jurisdiction over defendant.

## II.   Analysis

It is well established that under a Rule 12(b)(2) motion to

dismiss, the plaintiff bears the burden of establishing personal jurisdiction over the defendant. See <u>Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.</u>, 205 F.3d 1244, 1247 (10th Cir. 2000). In an action in which a claim is asserted under federal law, as this one is, the court must determine "(1) 'whether the applicable statute potentially confers jurisdiction' by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process.'" <u>Peay v. Bellsouth Medical Ass. Plan</u>, 205 F.3d 1206, 1209 (10th Cir. 2000). As there is no federal statute authorizing nationwide personal jurisdiction in this case, <u>Cory v. Aztec Steel Bldg., Inc.</u>, 468 F.3d 1226, 1233 (10th Cir. 2006), Fed. R. Civ. P. 4(k)(1)(A) refers us to the Kansas long-arm statute.

The Kansas long-arm statute specifies that a party submits to the jurisdiction of Kansas if the cause of action against it "aris[es] from the doing of any of [eleven particular] acts." Kan. Stat. Ann. § 60-308(b). The Tenth Circuit has interpreted the Kansas long-arm statute "to allow jurisdiction to the full extent permitted by due process," such that these two inquiries become duplicative. <u>Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.</u>, 17 F.3d 1302, 1305 (10th Cir. 1994); <u>see also</u> <u>OMI Holdings, Inc. v. Royal Ins. Co. of Can.</u>, 149 F.3d 1086, 1090 (10th Cir. 1998) (explaining that a court, when considering a 12(b)(2) motion under Kansas law, may proceed directly to the constitutional issue). One Kansas court has held, however, that "[t]he fact that 60-308(b) is to be liberally construed does not mean that the courts are to ignore the statutory requirement that the cause of action arise from the defendant's doing of one or more of the enumerated acts in this state." <u>Three Ten Enterprises,</u>

Inc. v. State Farm Fire & Cas. Co., 24 Kan. App. 2d 85, 91, 942 P.2d 62, 67 (Kan. Ct. App. 1997).  Another has held that "when the long arm statute does not cover a particular situation, resort must be had to the traditional bases of jurisdiction such as citizenship; domicile and residence; or consent, actual or implied."  Novak v. Mut. of Omaha Ins. Co., 29 Kan. App. 2d 526, 532, 28 P.3d 1033, 1037 (Kan. Ct. App. 2001).  In a more recent decision, the Kansas Supreme Court noted that because it found "an insufficient basis for personal jurisdiction under K.S.A. 60-308(b)," it "need not reach a step-two constitutional analysis."  Kluin v. Am. Suzuki Motor Corp., 56 P.3d 829, 834 (Kan. 2002).

**A.   Kansas Long-Arm Statute**

The Kansas Long-Arm Statute, K.S.A. 60-308(b) provides in relevant part that

> [a]ny person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person and, if an individual, the individual's personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of these acts:
>
> (A) Transaction of any business within this state;
>
> (B) commission of a tortious act within this state; [and]
>
> ***
>
> (G) causing to persons or property within this state any injury arising out of an act or omission outside of this state by the defendant if, at the time of the injury either (i) the defendant was engaged in solicitation or service activities within this state; or (ii) products, materials or things processed, serviced or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of trade or use.

-4-

K.S.A. § 60-308.

First, plaintiff asserts that defendant is subject to personal jurisdiction because he transacted business in this state. To establish personal jurisdiction on the basis of the transaction of business, the following must be met: "(1) The nonresident must purposefully do some act or consummate some transaction in the forum state; (2) the claim for relief must arise from, or be connected with, the act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend the traditional notions of fair play and substantial justice." Kluin v. Am. Suzuki Motor Corp., 274 Kan. 888, 895, 56 P.3d 829, 834 (2002). A nexus must be established between the claim and the business transacted in the state. Id.

Defendant does not dispute that he initiated the sales by contacting plaintiff regarding the leases and also by submitting the sales information and confirmations to plaintiff by fax and email. However, defendant was compensated for his work by Banc Corp., not by plaintiff. Defendant asserts that these actions are not sufficient for personal jurisdiction because he was not a party to the agreement, did not receive compensation from plaintiff and never entered the state.

Although Kansas law previously required a defendant to conduct the business while physically present in Kansas, physical presence is no longer necessary. See Envtl. Ventures, Inc. v. Alda Servs. Corp., 19 Kan. App. 2d 292, 296, 868 P.2d 540, 544 (1994) (rejecting the notion that physical presence is still required to transact business in Kansas); Rusty Eck Ford-Mercury Corp. of Leavenworth v. Am. Custom Coachworks, Ltd., 184 F. Supp. 2d 1138, 1144 n.5 (D. Kan. 2002).

-5-

Instead, "[p]hysical presence is merely one factor to consider." Envtl. Ventures, 19 Kan. App. 2d at 296, 868 P.2d at 544.

Even though defendant never physically entered Kansas, he persistently sought to arrange a business deal involving plaintiff by directing telephone calls, emails, and faxing quotes to plaintiff in Kansas.  These activities were aimed at reaching a sales agreement, which would "improve [defendant's] economic conditions." Woodring v. Hall, 200 Kan. 597, 607, 438 P.2d 135 (1968).  All of the contacts at issue form the basis for plaintiff's claims against defendant.  Plaintiff has alleged that defendant had already facilitated the sale of the lease agreements when he offered plaintiff the opportunity to purchase the leases.  Plaintiff has clearly established that a nexus exists between the claims and the contacts plaintiff had with the state.  Moreover, defendant continued to administer its business relationship with plaintiff by assisting plaintiff in problems that came up with the leases after the agreements were in place.  In the modern era of electronic commerce, the court finds that these activities amount to transacting business in Kansas, within the meaning of K.S.A. 60-308(b)(1), as that statute has been construed and applied by the courts of this state and this federal district.[1]

**B.  DUE PROCESS**

The due process analysis is summarized in Bell Helicopter Textron, Inc. v. Heliqwest Intern., Ltd., 385 F.3d 1291, 1295-96 (10th Cir. 2004), as follows:

> To satisfy the constitutional requirement of due

---

[1] It is unnecessary for the court to examine the other two alleged basis of personal jurisdiction under K.S.A. 60-308(b).

-6-

process there must be "minimum contacts" between the defendant and the forum state. <u>World-Wide Volkswagen Co. v. Woodson</u>, 444 U.S. 286, 291 (1980) (quoting <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945). . . .

The "minimum contacts" standard may be met in either of two ways. When the defendant has "continuous and systematic general business contacts" with the forum state, courts in that state may exercise general jurisdiction over the defendant. <u>Helicopteros Nacionales de Colombia, S.A., v. Hall</u>, 466 U.S. 408, 414-15 (1984); <u>Kuenzle</u>, 102 F.3d at 455. When the "defendant has 'purposely directed' his activities at residents of the forum," courts in that state may exercise specific jurisdiction in cases that "'arise out of or relate to' those activities." <u>Burger King v. Rudzewicz</u>, 471 U.S. 462, 472-73 (1985) (citations omitted); <u>Kuenzle</u>, 102 F.3d at 455. . . .

To support specific jurisdiction, there must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." <u>Hanson v. Denckla</u>, 357 U.S. 235, 253 (1958) (citation omitted); <u>see also Fidelity and Cas. Co. of N.Y. v. Phila. Resins Corp</u>., 766 F.2d 440, 445 (10th Cir. 1985).[1] This requirement of "purposeful availment" for purposes of specific jurisdiction precludes personal jurisdiction as the result of "random, fortuitous, or attenuated contacts." <u>Burger King</u>, 471 U.S. at 475 (citations and internal quotation marks omitted).

. . . .

Generally speaking, specific jurisdiction must be based on actions by the defendant and not on events that are the result of unilateral actions taken by someone else. <u>OMI Holdings Inc. v. Royal Ins. Co. of Canada</u>, 149 F.3d 1086, 1092 (10th Cir. 1998).

[1]A finding of minimum contacts with the forum is necessary, but is not sufficient for the exercise of personal jurisdiction. A district court must also consider whether personal jurisdiction is reasonable in light of the circumstances surrounding the case. <u>Burger King, 471 U.S. at 476</u>; <u>Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.</u>, 205 F.3d 1244, 1247 (10th Cir. 2000). Courts consider the following factors to decide whether exercise of jurisdiction is reasonable: (1) the burden on the defendant; (2) the forum state's interest in resolving the dispute; (3) the plaintiff's interest in receiving convenient and effective relief; (4) the interstate judicial

system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive policies. <u>Burger King</u>, 471 U.S. at 477; <u>Intercon, Inc.</u>, 205 F.3d at 1249.

If personal jurisdiction exits over defendant, it must be based on a specific jurisdiction analysis of the minimum contacts standard. Here, defendant purposefully directed repeated communications to a Kansas business in order to facilitate the sale of commercial leases to the Kansas plaintiff. These communications occurred via telephone, emails, and facsimile transmissions. Accordingly, this case "arise[s] out of or relate[s] to" the very contacts that support specific jurisdiction. <u>Bell Helicopter</u>, 385 F.3d at 1296 (quoting <u>Burger King</u>, 471 U.S. at 472-73).

Moreover, these same activities show that defendant "purposefully availed" itself of the privilege of transacting business with plaintiff in Kansas. <u>Id.</u> (quoting <u>Hanson</u>, 357 U.S. at 253). These contacts were not "random, fortuitous, or attenuated." <u>Id.</u> (quoting <u>Burger King</u>, 471 U.S. at 475). On the contrary, they were undeniably intentional, and specifically directed at this plaintiff in order to consummate the sale of five commercial leases.

Finally, the court must consider whether the exercise of jurisdiction over this defendant would be reasonable. <u>Id.</u> at 1296 n.1. While an assertion of jurisdiction that fails to comport with notions of "fair play and substantial justice" may be unreasonable despite defendant's purposeful contacts with the forum state, the reasonableness inquiry is tilted in favor of plaintiff. <u>Burger King</u>, 471 U.S. at 477-78. It may allow an assertion of jurisdiction upon a lesser showing of minimum contacts, while imposing a higher burden

-8-

on a defendant that has purposefully directed its activities toward residents of the forum state.  Id. at 477.

The first factor to be considered is the burden on defendant of litigating the case in this forum.  Id.  Defendant failed to put forth any evidence on the burden of litigating this case in Kansas.  The court notes that defendant initiated numerous phone calls and sent correspondence to plaintiff in Kansas.  In the modern era of electronic communications, the vast majority of this case can be handled by similar methods.  Defendant did not consider the distance a significant obstacle to seeking a business arrangement with the Kansas plaintiff.  Likewise, the distance would not appear to be a substantial burden on the litigation process.

Turning to the second factor, Kansas clearly has an interest in providing its residents with a forum to challenge the actions of a non-resident who allegedly has brokered the sale to plaintiff of a non-existent lease agreement.  See Intercon, 205 F.3d at 1249.  As for the third factor, plaintiff's interest in obtaining convenient and effective relief weighs in favor of exercising jurisdiction.  The fourth factor, "the interstate judicial system's interest in obtaining the most efficient resolution of controversies," also weighs in plaintiff's favor.  Bell Helicopter, 385 F.3d at 1296 n.1.  Finally, although Bell Helicopter characterized the fifth factor in the reasonableness analysis as "the shared interest of the several states in furthering fundamental substantive policies," id. at 1296 n.1, both Burger King and Intercon described that factor as relating to "fundamental substantive social policies."  Burger King, 471 U.S. at 477; Intercon, 205 F.3d at 1249 (emphasis added).  The court finds

that the question presented here does not implicate fundamental substantive social policies.

Balancing all the factors, the assertion of personal jurisdiction over defendant in this forum is not unreasonable.

**III. Conclusion**

Defendant's motion to dismiss for lack of personal jurisdiction (Doc. 11) is accordingly DENIED.

A motion for reconsideration of this order is not encouraged. Any such motion shall not exceed 3 double-spaced pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>, 810 F. Supp. 1172, 1174 (1992).  The response to any motion for reconsideration shall not exceed 3 double-spaced pages.  No reply shall be filed.


IT IS SO ORDERED.

Dated this ___1st___ day of May 2008, at Wichita, Kansas.


s/ Monti Belot
_____

Monti L. Belot

UNITED STATES DISTRICT JUDGE