**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| BANK OF COMMERCE & TRUST COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No.  07-1332-MLB |
| | ) | |
| LANCE L. DOMINIQUE d/b/a | ) | |
| DOMINIQUE & ASSOCIATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on plaintiff's motion to dismiss defendant's counterclaim.  (Doc. 26.)  The motion has been fully briefed and is ripe for decision.  (Docs. 26, 29, 30.) Plaintiff's motion is granted for reasons set forth herein.

**I.    Facts and Procedural History**

Plaintiff, Bank of Commerce & Trust Company, is a federally insured depository institution located in Wellington, Kansas. Defendant Lance Dominique acts as the middleman between sellers and buyers of commercial lease agreements.  Defendant's principal place of business is in Barrington, Illinois.  During February and March 2005, defendant contacted plaintiff and represented that he had several commercial leases with the Veterans Administration that were for sale.  Plaintiff claims that defendant stated that the investments were a unique opportunity for plaintiff to invest in a low risk, highly stable, diversified instrument, but exactly what was communicated will probably be disputed.  Plaintiff informed defendant that it was interested in purchasing five leases from Banc Corp USA,

the owner of those leases.  Defendant asserts that he contacted Banc

Corp to verify that the leases were still available.  Defendant then

sent a fax to plaintiff which confirmed the lease opportunity.

Upon purchasing the leases, plaintiff submitted funds to Banc

Corp.  Banc Corp. then paid defendant a fee for the sale of the

leases.  Plaintiff alleges to have later discovered that defendant

facilitated the sale of those five leases to other banks, another area

of probable dispute.  Plaintiff's complaint raises a claim pursuant

to the Racketeer Influenced and Corrupt Organizations Act (RICO) and

state law tort claims.  (Doc. 1).  Defendant filed an answer and

counterclaim for defamation.  (Doc. 25).  Defendant's counterclaim

asserts the following:

> 3.    Upon information and belief, plaintiff has made
> and continues to make wildly inaccurate, baseless and
> false statements regarding defendant and his business
> practices, including, but not limited to:
>
> a.    that defendant fraudulently double-sold leases
> to numerous different investors;
>
> b.    that defendant had stolen or otherwise
> misappropriated funds from his clients;
>
> c.    that defendant had committed mail and wire
> fraud;
>
> d.    that defendant had participated in a scheme to
> sell fictitious commercial lease agreements in violation
> of federal and Kansas law; and
>
> e.    that defendant had fraudulently and negligently
> misrepresented investment opportunities to his clients.
>
> 4.    These false and defamatory statements were
> communicated to defendant's clients and investors, such
> as the First State Bank of Livingston, on multiple
> occasions.

(Doc. 25 at 5).

Plaintiff moved to dismiss defendant's counterclaim on the basis

that it has failed to comply with Fed. R. Civ. P. 8(a).

## II.    Motion to Dismiss Standards: FRCP 12(b)(6)[1]

The standards this court must utilize upon a motion to dismiss are well known.  To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face.  Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1974 (2007)).  All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff.  Archuleta v. Wagner, 523 F.3d 1278, 1283 (10th Cir. 2008).  Conclusory allegations, however, have no bearing upon this court's consideration.  Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir. 2007).  In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims.  Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005).

## III.   Analysis

---

[1] In support of its motion to dismiss, plaintiff attached exhibits.  Defendant responded that plaintiff's motion must be converted to a motion for summary judgment.  Plaintiff replied that its motion was not based on the merits and the affidavits were not offered to support the arguments in the motion but instead "to demonstrate the frivolousness of this claim and the absence of any independent investigation." (Doc. 30).  The Tenth Circuit has ruled that a court may not look at outside evidence when deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6) without converting it to a motion for summary judgment.  See Burnham v. Humphrey Hospitality REIT Trust, Inc., 403 F.3d 709, 713-14 (10th Cir. 2005); Biester v. Midwest Health Services, Inc., 77 F.3d 1264, 1265 (10th Cir. 1996). Plaintiff indicated in its reply that it did not intend to convert its motion into one for summary judgment.  Therefore, the court has not considered the affidavits plaintiff attached to both its initial motion and reply brief.  In future pleadings in this court, counsel is directed to be familiar with the procedural rules.

The question of whether a state law defamation claim has been sufficiently pled in a federal diversity case is a procedural one governed by Fed. R. Civ. P. 8. Instead of enforcing the state's technical pleading requirements, the federal court determines whether a short and plain statement of the claim showing entitlement to relief has been pled.

* * *

In the context of a defamation claim, Fed. R. Civ. P. 8(a) requires that the complaint provide sufficient notice of the communications complained of to allow [the defendant] to defend itself. There is a significant exception to the general rule of liberally construing a complaint in applying rule 12(b)(6): when the complaint attempts to state a "traditionally disfavored" cause of action, such as defamation, courts have construed the complaint by a stricter standard.

Bushnell Corp. v. ITT Corp., 973 F. Supp. 1276, 1287 (D. Kan. 1997)(internal citations omitted).

"[I]n the context of a defamation claim, Fed. R. Civ. P. 8(a) requires that the complaint provide sufficient notice of the communications complained of to allow [the plaintiff] to defend itself." McGeorge v. Continental Airlines, Inc., 871 F.2d 952, 955 (10th Cir. 1989). The allegations contained in defendant's counterclaim are not sufficient. Defendant has failed to allege who made the statements and to whom the statements were made.[2] The counterclaim also fails to give a specific time frame for the alleged statements. The court finds that defendant did not give "sufficient notice of the communications complained of to allow [plaintiff] to

_____

[2] Defendant asserts that plaintiff made these statements. Plaintiff, however, is a corporation. Defendant needs to specify which of plaintiff's officers or employees allegedly made the statements and to whom they were made. Defendant appears to concede that his claim may not satisfy Rule 8 but argues that it is because of plaintiff's conduct in stonewalling defendant's investigation efforts that defendant has not provided more specific allegations in his counterclaim. (Doc. 29 at 8).

-4-

answer and defend this claim." <u>Bushnell Corp.</u>, 973 F. Supp. at 1287.

**III.   Conclusion**

Plaintiff's motion to dismiss is granted, without prejudice. (Doc. 26).   Defendant may refile his counterclaim should facts supporting it come to light during discovery.   This case is now returned to the magistrate judge assigned for discovery.

A motion for reconsideration of this order is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. <u>Comeau v. Rupp</u>, 810 F. Supp. 1172 (D. Kan. 1992).   Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>.   The response to any motion for reconsideration shall not exceed three pages.   No reply shall be filed.

IT IS SO ORDERED.

Dated this   <u>22nd</u>   day of August 2008, at Wichita, Kansas.

<u>s/ Monti Belot</u>
Monti L. Belot
UNITED STATES DISTRICT JUDGE

-5-