# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BANK OF COMMERCE & TRUST, COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 07-1332-EFM-DWB |
| LANCE L. DOMINIQUE, d/b/a Dominique & Associates, | ) ) ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM AND ORDER

NOW before the Court is the motion of Paul S. McCausland (McCausland), counsel of record for defendant Lance L. Dominique (Dominique), filed on February 11, 2009, seeking to withdraw as counsel of record in this case. (Doc. 63). On February 13, 2009, Dominique sent a letter to the chambers of the undersigned magistrate judge by facsimile transmission opposing McCausland's motion to withdraw, which Dominique stated "is shortly to come before you . . . ."

(Doc. 64).[1]  The court filed that letter as part of the court file.[2]  (Doc. 64).  On February 16, 2009, McCausland filed a Reply to Dominique's letter filing.  (Doc. 65).  On February 17, 2009, Plaintiff filed a response to the motion to withdraw objecting to that the portion of the motion which asked the court to extend deadlines for at least 28 days for defendant to designate an expert.  (Doc. 66).  Dominique then once again sent a letter dated February 19, 2009 to the chambers of the undersigned magistrate judge by facsimile transmission.  Again, the court has directed that this letter be filed and designated as a "sur-reply" (Doc. 67), even though the rules do not provide for such "sur-replies" and they are not allowed without prior leave of court.

The court notes that neither of Dominique's letters indicate that copies have been sent to the attorneys of record in this case.  As such, these are clearly

---

[1] The court notes that McCausland's motion to withdraw has a certificate of service showing that a copy of the motion was sent to Dominique "by electronic mail to the defendant at clientservices@dominiqueassociates.com."  (Doc. 63 at 4.)  Therefore, Dominique should have already had in his possession a copy of McCausland's motion.

[2] The court has received other *ex parte* communications by e-mail of December 11, 2009, from an attorney (Bruce Hanson) who was considering entering his appearance in this case on behalf of Dominique and who wanted a prior assurance from the court that a continuance could be granted, and by facsimile transmission of February 16, 2009, from Dominique's mother.  The court will not consider any such *ex parte* communications as they are not a proper method of communicating with the court, and any such communications with the court must be through documents filed with the Clerk of the Court.

improper *ex parte* communications with the court about pending matters in the case.  <u>Dominique is admonished not to send any further ex parte communications direct to chambers in this case, and any matters that are properly to be conveyed to the court must be filed with the Clerk of the District Court.</u> [3]

## DISCUSSION

After consideration of all the filings pertaining to McCausland's motion to withdraw, the motion is hereby GRANTED insofar as it allows McCausland to withdraw as counsel of record.  Dominique does not dispute the fact that he entered into a written agreement with McCausland which Dominique executed on December 15, 2008, and which stated that McCausland's representation was "contingent upon Attorneys' ability to obtain a revised scheduling order to accommodate Mr. McCausland's upcoming trial schedule, which had been discussed with Client."  (Doc. 65, ¶ 1).  Dominique also does not dispute the fact that this court was very clear during the December 5, 2008 telephone conference that no further extensions would be granted and that this fact should be disclosed to

---

[3] Dominique is clearly discussing this case with some attorneys as evidenced by the statement in his earlier letter that "I am following the advice of an attorney friend in my area and sending you this letter." (Doc. 64).  Furthermore, Dominique had an Illinois attorney on the phone with him during the December 2008 telephone conference even though that attorney was not going to enter an appearance in the case.  Any attorney, however, should know that such direct *ex parte* communication with the court about pending matters is prohibited.

any new attorney who proposed to enter the case. *See* Doc. No's 62 at 5-6; 64; and 67. Because McCausland entered his appearance "contingent" upon obtaining a revised scheduling order, which has not occurred, the court finds that he should be allowed to withdraw as counsel of record in this case.[4]

The motion to withdraw also seeks additional time for Dominique to obtain new counsel and submit an expert report and asks for -- either an additional 28 days (the time between McCausland's Reply, Doc. 61, and the court's denial of the request for a revised scheduling order, Doc. 62), or an additional 54 days (the time from the filing of the motion for a revised scheduling order, Doc. 59, and the court's denial of the motion, Doc. 62). (Doc. 63 at 2). To grant this request would effectively mean that anytime Dominique chooses to change attorneys (which he has already done on at least two prior occasions), he should be given additional time to meet deadlines which he concedes he knew were final and would not be changed.

Furthermore, Dominique does not state (nor does Mr. McCausland) why he needs to designate an expert witness in this case, whether he has already contacted

---

[4] Dominique also asks the court to order McCausland to "return my entire retainer without deduction and delay" if McCausland is allowed to withdraw. (Doc. 64). The court will not become involved in matters pertaining to contractual obligations between attorney and counsel, and Dominique's request is denied.

such an expert, and how long it would take to obtain any expert report. At the December 2008 conference, where Dominique was aided by an attorney from Illinois, he argued that there were legal issues such as *res judicata*, which he could only raise effectively if he had legal counsel. To the extent that legal issues are involved, it is difficult to ascertain what would be added by an expert report. Therefore, any request to extend the time for Dominique to designate an expert and produce the required expert report, or any request for additional time to conduct discovery, is DENIED.

The court is willing, however, to make one adjustment in the prior scheduling of this case. Currently the pretrial conference is set for March 3, 2009 at 9:00 a.m. *See* Minute Entry of 2/18/2009. (changing the *time* of the conference from 10:00 a.m. to 9:00 a.m.) Plaintiff was directed to prepare a draft pretrial order and submit it to the court and Dominique by February 18, 2009. (Doc. 57 at 7). As directed, plaintiff's counsel submitted the draft pretrial order on February 19, 2009, and forwarded a copy to Mr. McCausland since he had not yet been allowed to withdraw from this case. Because the pretrial order governs all future proceedings in the case once it has been entered, the court has decided to defer the pretrial conference until after submission of any dispositive motions, *i.e.*, motions for summary judgment. Those dispositive motions are now due by March 17,

2009. (Doc. 57 at 6). Normally, the pretrial order is prepared and filed before the deadline for filing dispositive motions. However, by deferring the pretrial conference in this case until after the dispositive motion deadline, this will give Dominique approximately an additional month to obtain an attorney to assist him in filing any dispositive motion based upon some legal defense, or approximately two months to defend against any dispositive motion filed by plaintiff. Likewise, it will give him additional time to obtain an attorney to assist him in drafting his portions of the final pretrial order. This change will not impact or prejudice plaintiff because it does not extend or delay the proceedings, but merely changes the order in which the pretrial and dispositive motions are handled.

IT IS THEREFORE ORDERED that McCausland's motion to withdraw as counsel in this case (Doc. 63) is GRANTED to the extent it allows withdrawal of counsel, but is DENIED as to the requested extension of time to serve any expert report by defendant. Mr. McCausland shall immediately forward to Mr. Dominique the draft pretrial order prepared by plaintiff's counsel, by sending both a hard copy in the U.S. Mail and also by electronic transmission to the address previously used to forward other documents to Dominique. Mr. McCausland shall also forward to Mr. Dominique, again by both hard copy and electronic transmission, a copy of this Memorandum and Order. Upon the filing by Mr.

McCausland of a certificate of service showing compliance with this requirement, he shall be immediately terminated as counsel of record in this case.

IT IS FURTHER ORDERED that the pretrial conference, previously set for March 3, 2009 at 9:00 a.m., is hereby CANCELED.  <u>The deadline for filing of dispositive motions remains as previously set for **March 17, 2009.**</u>  Any responses to a dispositive motion shall be filed by **April 13, 2009.**[5]  A reply, if any, shall be filed by **May 6, 2009.**  Defendant will also be required to forward his proposed additions and/or objections to the draft pretrial order previously prepared by plaintiff to the court and to plaintiff's counsel on or before **April 13, 2009.**  After review of the pretrial submissions of both parties, and review of any dispositive motions that may have been filed, the court will subsequently set a new date for the final pretrial conference.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 18th day of February, 2009.

s/ DONALD W. BOSTWICK<br>
DONALD W. BOSTWICK<br>
United States Magistrate Judge

---

[5] This deadline for responses will apply even if a dispositive motion is filed earlier than the scheduled deadline of March 17, 2009.