# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BANK OF COMMERCE,

*Plaintiff*,

vs.

Case No. 07-1332-EFM

LANCE L. DOMINIQUE,

*Defendant.*

## MEMORANDUM AND ORDER

Plaintiff Bank of Commerce brings numerous claims against Defendant Lance Dominique, but it essentially asserts that Defendant misrepresented an investment that involved five Federal leases. Before the Court is Defendant's Motion for Judgment on the Pleadings (Doc. 73). For the following reasons, the Court denies the motion.

## I. Factual Background[1]

Plaintiff Bank of Commerce filed a complaint in the United States District Court for the District of Kansas on April 30, 2007 against Defendants John-Paul Strauss and Banc Corp USA.[2] The complaint alleged that Defendants had (1) converted and misappropriated numerous funds belonging to Plaintiff; (2) engaged in intentional fraud and misrepresentation with the purpose of

---

[1] The facts are taken from Plaintiff's complaint and documents of which the Court takes judicial notice. *See Tellabs, Inc. v. Maker Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[2] This case, 07-1122, was assigned to District Judge Thomas Marten.

inducing Plaintiff to invest in lease purchase agreements managed by Defendants; (3) engaged in both mail and wire fraud; (4) breached a contract with Plaintiff; (5) breached their fiduciary duties to Plaintiff; and (6) willfully and wrongfully engaged in activities and participated in the conduct of an enterprise or scheme to misrepresent and sell equipment leases for the purpose of defrauding Plaintiff.

Plaintiff filed an amended complaint against these two Defendants on August 20, 2007. The amended complaint alleged that Plaintiff and Defendants had entered into a settlement agreement requiring Defendants to make payments to Plaintiff in connection with the Federal lease obligations referenced in the first complaint, and Defendant breached the terms of this agreement. Plaintiff alleged: (1) breach of settlement agreement; (2) misrepresentation and fraud with respect to the settlement agreement; and (3) conversion and misappropriation of Plaintiff's funds. On March 5, 2008, Plaintiff filed a Motion to Strike, Motion for Entry of Default and Motion for Reasonable Attorneys Fees. Plaintiffs argued that Defendants had failed to (a) comply with various orders of the court; (b) appear at several status conferences; (c) secure counsel on behalf of Banc Corp; (d) produce their Rule 26(a)(1) initial disclosures; and (e) respond to Plaintiff's discovery requests after Plaintiff secured an order compelling their response. On August 29, 2008, the Court granted Plaintiff's motion, and a default judgment was entered against both Defendants.

In this case, Plaintiff Bank of Commerce filed its first complaint on October 29, 2007 against Defendant Lance Dominique. Plaintiff asserted that its claims against Defendant arise out of and in connection with the purchase of five Federal lease obligations that are the subject matter of a different lawsuit filed by Plaintiff against Defendant Banc Corp in the District of Kansas, Case No. 07-1122-JTM. Plaintiff alleged that Defendant Dominique represented to Plaintiff that Dominique

could offer, sell, and place lease obligations with Plaintiff and that he was offering five Federal lease obligations on behalf of Banc Corp, the underwriter. After Defendants Banc Corp and Strauss breached their settlement agreement and Plaintiff filed an amended complaint against those Defendants, Plaintiff attempted to track down and ascertain what, if any, payments had been made to Banc Corp on each lease obligation. Plaintiff learned on September 24, 2007 that Defendant Dominique had sold four of the five Federal leases to First State Bank of Livingston, Texas nine months prior to Plaintiff's purchase. In addition, Plaintiff learned on October 26, 2007 that Defendant Dominique had sold the fifth Federal lease to Peoples National Bank of Kewanee, Illinois nine months prior to Plaintiff's purchase.

In the first complaint, Plaintiff alleged (1) misrepresentation and fraud; (2) negligent misrepresentation; (3) conversion and misappropriation; (4) mail and wire fraud; and (5) a violation of the Racketeer Influenced and Corrupt Organizations Act. On October 23, 2008, Plaintiff filed an amended complaint to add four additional claims: (1) breach of fiduciary duty; (2) negligence; (3) violations of the Securities Exchange Act of 1934; and (4) violations of the Kansas Securities Act.

Defendant has filed a Motion for Judgment on the Pleadings asserting that Plaintiff's complaint is barred by res judicata.

**II. Legal Standard**

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is governed by the same standards as a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6).[3] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for

---

[3]*Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223 (10th Cir. 2009).

relief that is plausible on its face.'"[4] "[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment. This allows the court to 'take judicial notice of its own files and records, as well as facts which are a matter of public record.' However, 'the documents may only be considered to show their contents, not to prove the truth of the matter asserted.'"[5]

Because Defendant Dominique is proceeding pro se, the Court must be mindful of additional considerations. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[6] However, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant."[7] "[T]he court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[8]

## III. Analysis

Defendant asserts that this case is barred by res judicata because the present complaint concerns the same occurrences as those in case No. 07-1122 which ended with a judgment on the merits. In addition, Defendant contends that he is in privity with Defendant Banc Corp, one of the

---

[4] *Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twonbly*, 550 U.S. 544, 570 (2007)).

[5] *Tal v. Hogan*, 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006) (internal citations omitted); *see also N. Natural Gas Co. v. L.D. Drilling, Inc.*, 2009 WL 3739735, at *7 (D. Kan. Nov. 6, 2009) ("Although a motion under Rule 12(b)(6) is normally limited to the allegations in the complaint, when considering the defense of res judicata the court may also consider and take judicial notice of matters in the public record, including the court's own records from a prior case, at least where the facts from those records are undisputed." )(citations omitted).

[6] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7] *Id.*

[8] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

Defendants in case No. 07-1122. Plaintiff contends that this complaint is not barred by res judicata because: (1) case No. 07-1122 did not involve the same claims and issues to warrant the application of res judicata and collateral estoppel; (2) there was not a final judgment on the merits to warrant the application of collateral estoppel; and (3) Defendant cannot establish that privity existed at the time the default judgment was entered in case No. 07-1122.

"Res judicata precludes a party from re-litigating claims which were or could have been raised in an earlier action."[9] "To apply res judicata, 'three elements must exist: (1) a final judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits.'"[10]

In this case, Defendant argues that the current complaint in this case is barred by res judicata by comparing the causes of action contained in the first complaint filed in case No. 07-1122, rather than the amended complaint filed in that case. "An amended complaint supersedes the original complaint and renders the original complaint of no legal effect."[11] Plaintiff's amended complaint in case No. 07-1122 brought claims for breach of a settlement agreement. The claims brought against Defendant Dominique do not arise from a breach of this settlement agreement and do not appear to involve the same claims and issues. As such, Plaintiff's compliant is not barred by res judicata.[12]

---

[9] *Spiess v. Meyers*, 483 F. Supp. 2d 1082, 1089 (D. Kan. 2007) (citing *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997)).

[10] *B-S Steel of Kan., Inc. v. Tex. Indus., Inc.*, 327 F. Supp. 2d 1252, 1258 (D. Kan. 2004).

[11] *Franklin v. Kan. Dep't of Corrs.*, 160 Fed. Appx. 730, 734 (10th Cir. 2005) (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)).

[12] Because the Court has determined that the complaint in this case does not involve the same claims and issues as the complaint in case No. 07-1122, we will not address whether there was a final judgment on the merits or whether privity exists between Defendant Dominique and Defendant Banc One.

**IT IS ACCORDINGLY ORDERED** this 17th day of November, 2009 that Defendant's Motion for Judgment on the Pleadings (Doc. 73) is hereby DENIED.

**IT IS SO ORDERED**.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE