# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BANK OF COMMERCE,

    *Plaintiff*,

vs.

LANCE L. DOMINIQUE,

    *Defendant.*

Case No. 07-1332-EFM

## MEMORANDUM AND ORDER

Plaintiff Bank of Commerce bought five Federal lease obligations with the expectation of receiving principal and interest payments, but Plaintiff quit receiving payments on the leases. Plaintiff filed a motion for summary judgment on its Kansas Securities Act claim, and the Court denied Plaintiff's motion. Before the Court is Plaintiff's Motion to Alter or Amend Judgment (Doc. 91).[1] For the following reasons, the Court denies the motion.

The facts were set forth in the Court's previous Order,[2] and the Court incorporates those facts by reference.

---

[1] Defendant did not respond to Plaintiff's motion for reconsideration, and the time has run for Defendant to file a response.

[2] Doc. 90.

**I. Standard of Review**

Plaintiff filed its motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) and D. Kan. Rule 7.3. Fed. R. Civ. P. 59(e) only applies when a final judgment has been entered, adjudicating all the claims of all parties.[3] Partial summary judgment is not a final judgment.[4] As such, Rule 59(e) is inapplicable as there has been no final judgment entered.

D. Kan. Rule 7.3(b) applies to non-dispositive motions. "Under D. Kan. Rule 7.3(b), a motion to reconsider must be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[5] "Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination."[6] "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider."[7] Whether to grant a motion for reconsideration is within the court's discretion.[8]

---

[3] *See Trujillo v. Bd. of Educ. of Albuquerque Pub. Sch.,* 212 Fed. Appx. 760, 765 (10th Cir. 2007); *United States v. Coffey,* 2007 WL 4882654, at *1 (D. Kan. Oct. 4, 2007).

[4] *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1223 n. 2 (10th Cir. 2008).

[5] *Meister v. Kansas City*, 2009 WL 3711963, at *1 (D. Kan. Nov. 5, 2009) (citations omitted). The legal standard for reconsideration under D. Kan. Rule 7.3(b) for reviewing non-dispositive orders and Fed. R. Civ. P. 59(e) for altering or amending judgment are substantially the same. *See Ferluga v. Eickhoff*, 236 F.R.D. 546, 548 (D. Kan. 2006). *See also Howard v. Cline*, 2009 WL 3853916, at *1 (D. Kan. Nov. 18, 2009) (setting forth standard under Fed. R. Civ. P. 59(e)); *Meister*, 2009 WL 3711963, at *1 (setting forth standard under D. Kan. Rule 7.3(b)).

[6] *Cont'l Cas. Co. v. Multiservice Corp.*, 2009 WL 2409584, at *1 (D. Kan. Aug. 5, 2009) (citation omitted).

[7] *Id.* (citation omitted).

[8] *Nat'l Labor Relations Bd. v. Midwest Heating & Air Conditioning, Inc.,* 2008 WL 4330022, at * 1 (D. Kan. Sept. 16, 2008).

## II. Analysis

Plaintiff asserts that the Court erred as a matter of law when it determined that its investment was not a security. As stated in the Court's previous order, Kansas uses a four part test in defining an investment contract: (1) an investment of money; (2) in a common enterprise; (3) with an expectation of future profits; and (4) to be derived from the efforts of others.[9] The Court found that the second part of the test was not met.

With regard to the second element, "a common enterprise exists when the 'fortunes of the investor are interwoven with and dependent on the efforts and success of those seeking the investment or of third parties.'"[10] "This definition has been termed 'vertical commonality' where the court looks to the relationship between the promoter and investor to determine whether their interests are in common."[11] In Kansas, vertical commonality will meet the second element of a common enterprise.[12]

Plaintiff asserts that the Court erred when it found that vertical commonality did not exist. Plaintiff argues that the Court erred in focusing solely on whether Plaintiff's fortunes were interwoven with Defendant's efforts and success rather than focusing on whether Plaintiff's fortunes were interwoven and dependent upon all individuals involved in the lease program promoted by

---

[9] *Activator Supply Co. v. Wurth*, 239 Kan. 610, 616-17, 722 P.2d 1081, 1087 (1986); *see also State v. Glassburn-Hoesli*, 2004 WL 48175, at *3 (Kan. Ct. App. Jan. 9, 2004) (Unpublished Opinion).
Plaintiff also asserts that the Court also erred in failing to apply the "family resemblance" test to whether the financial relationship constitutes a "note." However, Plaintiff did not provided an explanation as to how the facts in this case fit this scenario or how the financial instrument could be considered a "note." As such, the Court declines to reconsider this issue.

[10] *Glassburn-Hoesli*, 2004 WL 48175, at *4.

[11] *Id.*

[12] *537721 Ontario, Inc. v. Mays*, 14 Kan. App. 2d 1, 4, 780 P.2d 1126, 1129 (Kan. Ct. App. 1989).

Defendant. However, Plaintiff previously argued that vertical commonality existed because its investment was clearly intertwined and tied to the efforts of Defendant.[13]

The test for vertical commonality as set forth by the Kansas Court of Appeals "requires that the fortunes of all investors by inextricably tied to the *efforts of the promoters*."[14] At least three Kansas cases that have addressed vertical commonality look to the relationship between the *promoter* and investor to determine whether vertical commonality exists.[15] As such, it appears that in Kansas, the efforts of the promoter of the investment are critical in finding vertical commonality. From the facts given, it does not appear that the success of Plaintiff's fortunes were interwoven with and dependent on Defendant Dominique's efforts and success.

Plaintiff contends that rather than focusing on whether Plaintiff's fortunes were interwoven and dependent upon Defendant's efforts, the Court should have considered all individuals involved in the lease program promoted by Defendant.[16] Plaintiff contends that this test should have been applied and the facts demonstrate that Plaintiff's fortunes were linked to the efficacy of not only the defendant, but the manufacturer, underwriter and lessee as well. However, as stated above, the promoter's involvement is key, and it does not appear to the Court that Plaintiff's fortunes were

---

[13]Plaintiff stated that vertical commonality required that the fortunes of the investor be "tied to the efforts of the promoters."

[14]*Mays*, 14 Kan. App. 2d at 4, 780 P.2d at 1128 (emphasis added).

[15]*See Glassburn-Hoesli*, 2004 WL 48175, at *4; *Mays*, 14 Kan. App. 2d at 4, 780 P.2d at 1128; *Activator Supply Co.*, 239 Kan. at 618, 722 P.2d at 1088.

[16]Plaintiff relies on a footnote in which the Court stated that the appropriate inquiry may be whether vertical commonality exists between Plaintiff and either the lessor or lessee to the Federal lease. The footnote may not have been clear. The cases cited by Plaintiff are all from outside of Kansas. In the majority of these cases involving lease arrangements, the promoter of the investment was also a party to the lease arrangement, *i.e.*, the lessor, and the investment was contingent on the promoter's efforts. In other words, the promoter was either the lessor or the promoter was involved with the lessor in the success of the investment. Here, Defendant was the "promoter" or the one who initiated the contact, but he was not a party to the lease agreement and his efforts were not that significant.

linked to the efficacy of Defendant's efforts.

Finally, Plaintiff asserts that the Court erred in concluding that Defendant does not have access to any of the lease documents or copies. In a footnote, the Court stated that "Dominique asserts that he does not have access to any of the lease documents or copies, so presumably, Dominique is only copied on the funding letter and does not receive any of the supporting documentation that the underwriter sends the client-investor." Plaintiff asserts that the evidence demonstrates that Defendant does have access to the documents, and the Court relied on a self-serving declaration by Defendant.

In looking at Defendant's deposition testimony that Plaintiff cites to, it appears to the Court that Defendant stated that he could have access to the documents if he had asked.[17] However, his deposition testimony also indicates that the leasing documents are a matter between the leasing company and the investor. Although Defendant may have had access to the leasing documents, the Court has not been given facts that Defendant did in fact have copies of these documents.

In sum, although it appears that Defendant Dominique initiated the contact of the Federal lease offering, under the facts of this case, there was no vertical commonality between Plaintiff and Defendant Dominique. Accordingly, Plaintiff's motion for reconsideration is denied, and the Court's original ruling stands.

---

[17] The Court looked at the deposition testimony attached to its Motion for Partial Summary Judgment.

**IT IS ACCORDINGLY ORDERED** this 25th day of January, 2010 that Plaintiff's Motion to Amend or Alter Judgment (Doc. 91) is hereby denied.

**IT IS SO ORDERED**.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE